UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
WALTER LEMON, by his Next Friend &
Sister Eva Cheeseboro,

      Plaintiff,

NEW YORK CITY HOUSING
AUTHORITY and DOES 1 through 4,

      Defendants.
---------------------------------------------------X

No. 08-cv-4012

**Memorandum & Order**

**TOWNES**, United States District Judge:

**INTRODUCTION**

Plaintiff Walter Lemon resided at 300 Bainbridge Street, Apartment 6C, Brooklyn, New York (the "Apartment"), which is managed by the defendant New York City Housing Authority ("NYCHA"). He was evicted from the Apartment in August 2008. He brings this action to challenge his eviction because of his alleged mental disability, and the Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b). The motion is granted for the reasons set forth below.

In May 2007, the NYCHA commenced a landlord-tenant proceeding against Lemon for nonpayment of rent in New York City Housing Court (the "Housing Court"). (Exh. D to Declaration of Jeffrey Niederhoffer, dated April 24, 2009 ("Niederhoffer Decl."). Due to Lemon's failure to appear, the Housing Court, on June 26, 2007, granted a Judgment of Possession on default, and a Warrant of Eviction was issued to a New York City Marshal on July 2, 2007. (Exh. E to Niederhoffer Decl.). The eviction was initially scheduled for August 3, 2007. (Exh. F to Niederhoffer Decl.). Lemon then brought a series of orders to show cause seeking to vacate the judgment of possession and to restore the case. Lemon claimed that he did not have

1

the full amount of the rent, and the Housing Court judges stayed the execution of the warrant of eviction to give Lemon additional time to pay the past due amount. (Exh. G to Niederhoffer Decl.). Lemon did not do so, and, after multiple orders to show cause and multiple stays, the Housing Court vacated all previous stays and allowed the eviction to proceed. (Exh. I to Niederhoffer Decl.). The warrant of eviction was executed on August 19, 2008 by the City Marshal. (Exh. K to Niederhoffer Decl.).

Lemon then filed additional orders to show cause in the Housing Court to restore his possession of the Apartment, asserting that he was mentally disabled. They were brought under the same index number as his previous orders to show cause. (Exh. M to Niederhoffer Decl.). The Housing Court stayed the re-letting of the Apartment to give Lemon additional time to pay the past due rent and noted that Lemon's sister was helping him try to obtain assistance from government agencies.[1] (Exh. N to Niederhoffer Decl.). The Housing Court further stayed the NYCHA from re-letting the Apartment in a subsequent decision, giving Lemon more time to pay his rent. (Exh. R to Niederhoffer Decl.). After the stay expired, Lemon brought yet another order to show cause in the Housing Court on October 10, 2008. This time, the Housing Court denied it, holding: "This is a post eviction. 9/3/08 order stayed re-letting of the [Apartment] until 9/19 for payment of $9,119.07 - [Respondent] has shown no ability to pay arrears." (Exh. S to Niederhoffer Decl.).

---

[1] On August 23, 2008, Lemon executed a durable power of attorney appointing his sister, Eva Cheeseboro, to act as Lemon's attorney-in-fact. (Exh. O to Niederhoffer Decl.).

Lemon commenced this action *pro se* in September 2008, and his request to proceed *in forma pauperis* was granted.² In his first cause of action, Lemon claims that the NYCHA violated his rights under *Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595 (S.D.N.Y. 2005). The second cause of action is collectively brought under the fourth, eighth, ninth, and fourteenth amendments to the United States Constitution. The third cause of action is brought under 42 U.S.C. § 1981, and the fourth is for a violation of 42 U.S.C. § 1982. The fifth, sixth, seventh, eighth, ninth, and fourteenth causes of action are state law claims. The tenth, eleventh, and twelfth causes of action are brought under 42 U.S.C § 1985, and the thirteenth cause of action seeks to show that the NYCHA is liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**DISCUSSION**

### *Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 12(b)(6)*

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There is "facial plausibility

---

² Lemon has since retained an attorney who is representing him on the motion.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court has explained that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). While "heightened fact pleading of specifics" is not required, plaintiffs must meet the plausibility standard by "nudge[ing] their claims across the line from conceivable to plausible" in order to avoid dismissal. *Twombly*, 550 U.S. at 570; *see also In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir. 2007). On a motion to dismiss, in addition to the Complaint, its attachments, and documents incorporated into the Complaint by reference, the Court may also consider public records. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 220 (2d Cir. 2004); *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 562 F. Supp. 2d 392, 398 (E.D.N.Y. 2008).

### *Pro Se Pleadings*

The Second Circuit has "reminded district courts that, 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings." *Id.* *Pro se* complaints "should be interpreted to raise the strongest arguments that they suggest." *Graham v.. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted); *see also Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). "Accordingly,

the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff*, 537 F.3d at 191 (internal quotations omitted).

"However, when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended." *Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) (internal quotations omitted). Additionally, "pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion thereof, if it determines that the action is '(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.'" *Smith v. Parsons*, No. 09-CV-2921, 2009 WL 3052631, at *1 (E.D.N.Y. Sept. 22, 2009) (quoting 28 U.S.C. § 1915(e)(2)(B)).

### *Lemon's Complaint Must Be Dismissed*

Lemon's first cause of action, premised on the Court's holding in *Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595 (S.D.N.Y. 2005), cannot survive the NYCHA's motion. In *Blatch*, the court held, *inter alia*, that the Fourteenth Amendment due process rights of a class of mentally disabled NYCHA tenants were violated by the NYCHA's failure, in nonpayment proceedings, to inform the Housing Court of information in its possession that might have suggested that the tenant is incapable of meaningful participation. The *Blatch* court directed the parties to confer on the language of a permanent injunction order, and the parties entered into a stipulation that was so ordered by the court on October 10, 2008. It provides in pertinent part:

> 6. (b) In proceedings against residential tenants in Housing Court, when the Housing Authority appears before a housing court judge or requests a warrant of eviction in cases where there has been no prior appearance before a judge, the Housing Authority will advise the court of information in its possession indicating that the tenant may be incompetent, as defined in paragraph 2.
> 7. For proceedings that were commenced in Housing Court prior to

> the effective date of this stipulation and are still pending or are
> restored to the Housing Court calendar, the Housing Authority, if it
> has not already done so, will advise the court of information in its
> possession indicating that the tenant may be incompetent as
> defined in paragraph 2 when the Housing Authority next appears
> before a housing court judge or requests a warrant of eviction.

(Exh. A to Niederhoffer Decl.).

Lemon claims that "[a]t some point in the tenancy, plaintiff suffered a mental breakdown, and presently is undergoing treatment. Most importantly, NYCHA knew of this fact by various local court appearances instituted by employees of NYCHA regarding rent arrears, and meetings in the affected apartment and in NYCHA offices between defendant's staff and the plaintiff, [including] Eva Cheeseboro, the sister of the plaintiff." (Complaint ¶ 6). The NYCHA claims that it first learned of Lemon's alleged mental difficulties in the papers he filed with the Housing Court. In any event, the NYCHA argues that *Blatch* is inapplicable because Lemon was evicted before the stipulation became effective and because the Housing Court was informed of Lemon's alleged mental disability.[3]

It is clear from the public records submitted on the motion that Lemon put the Housing Court on notice of his alleged mental disability. Lemon's due process rights could not have been violated by the NYCHA's failure to provide information to the Housing Court that Lemon communicated to that court himself. Significantly, *Blatch* does not force the Housing Court to

---

[3] In addition to various public records, the NYCHA also submits other materials in the event that the Court elected to convert the motion to dismiss into a summary judgment motion. The Court, in its discretion, elects not to treat this motion as one for summary judgment. *See U.S. v. International Longshoremen's Ass'n*, 518 F. Supp.2d 422, 450 (E.D.N.Y. 2007); *Abbey v. 3F Therapeutics, Inc.*, No. 06 CV 409, 2009 WL 4333819, at *5 (S.D.N.Y. Dec. 2, 2009). Therefore, the Court has only relied on materials that are properly considered on a motion to dismiss, and all other materials were excluded from consideration.

take any specified action once it receives information about a tenant's mental condition. It only seeks to ensure that the court has that information. There is simply no basis for disturbing the decisions of the Housing Court in this matter. This Court is not a forum for those who are generally dissatisfied by the outcome of local housing cases.

Like the first, the second cause of action must also be dismissed. There is no plausible basis for claims under the fourth, eighth, and ninth amendments to the United States Constitution. Additionally, as discussed above, Lemon does not state a claim for a Fourteenth Amendment due process violation under *Blatch*. Lemon's thirteenth cause of action should be dismissed because a *Monell* claim cannot lie where there is no underlying violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008); *Jouthe v. City of New York*, No. 05-CV-1374, 2009 WL 701110, at *7 (E.D.N.Y. Mar. 10, 2009).

The NYCHA correctly argues that the third and fourth causes of action must be dismissed because these claims are not connected to any allegations of racial discrimination. *See Carvel v. Franchise Stores Realty Corp.*, No. 08 Civ. 8938, 2009 WL 4333652, at *9 (S.D.N.Y. Dec. 1, 2009); *Barkley v. Olympia Mortg. Co.*, 2007 WL 2437810, at *10 (E.D.N.Y. Aug. 22, 2007). Lemon's tenth, eleventh, and twelfth causes of action must also be dismissed because the purported conspiracy is only alleged in a conclusory fashion. *Marrero v. Kirkpatrick*, No. 08-CV-6237, 2009 WL 3172693, at *2 (W.D.N.Y. Oct. 5, 2009); *Lawson v. Ruskin*, No. 08-CV-321, 2008 WL 1902218, at *3 (E.D.N.Y. Apr. 25, 2008). These claims are also barred by the intracorporate conspiracy doctrine because the alleged co-conspirators all worked for the NYCHA. *See Nassau County Employee "L" v. County of Nassau*, 345 F. Supp. 2d 293, 304

(E.D.N.Y. 2004); *Dunlop v. City of New York*, No. 06 Civ. 0433, 2008 WL 1970002, at *9 (S.D.N.Y. May 6, 2008).

Although a *pro se* complaint usually should not be dismissed without an opportunity to replead, such leave should not be given when repleading would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Hayden v. County of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999). Here, it would be futile to grant Lemon leave to replead because a liberal reading of Lemon's Complaint provides no reason to think that a valid claim could be asserted in an amended complaint. Finally, having dismissed all of Lemon's federal claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over the state claims asserted in the fifth, sixth, seventh, eighth, ninth, and fourteenth causes of action. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on the foregoing, the New York City Housing Authority's motion to dismiss is granted, and the plaintiff's federal claims are dismissed. The Court declines to exercise jurisdiction over the state claims, and those claims are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**  /S/

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 9, 2009